IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:

**RCI HOSPITALITY HOLDINGS, INC.**,
a Texas Corporation.,

        Plaintiff,

**v.**

**JUNKYARD SALOON/BOMBSHELL'S TAVERN LLC**, a Florida limited liability company.

        Defendant.

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND RELATED CLAIMS**

Plaintiff RCI HOSPITALITY HOLDINGS, INC. ("Plaintiff"), by and through undersigned counsel, hereby brings this action against Defendant JUNKYARD SALOON/BOMBSHELL'S TAVERN LLC ("Defendant") and alleges as follows:

### I.  NATURE OF ACTION

1. This is an action for trademark infringement and unfair competition pursuant to the Lanham Act (15 U.S.C. § 1051, et seq.) and the common law of the State of Florida, in connection with Defendant's advertisement and promotion of restaurant services under the name "BOMBSHELLS," in violation of Plaintiff's

rights in and to its longstanding and federally-registered **BOMBSHELLS®** trademark.

## II.   THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 10737 Cutten Road, Houston, Texas 77066. Plaintiff is the record owner of the trademark at issue in the instant action.

3. Defendant is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 5405 Edgewater Drive, Orlando, Florida, 32810, and may be served through its registered agent for service of process, Nikadena Santonino, at 5405 Edgewater Drive, Orlando, Florida 32810.

## III.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action involves substantial claims arising under the Lanham Act. This Court has jurisdiction over Plaintiff's related common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant has advertised and promoted its services within this State (and specifically within this District) in the ordinary course of trade, has engaged in acts or omissions within

this State causing injury, or has otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction.

6. This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District. Specifically, Defendant has advertised and promoted the services at issue to consumers from within this District.

### IV. FACTUAL BACKGROUND

**A.    Plaintiff and the BOMBSHELLS® Trademark**.

7. Plaintiff owns and operates Bombshells Restaurant & Bar, the popular Texas restaurant chain, which has been offering an exciting atmosphere, great food and live entertainment for nearly a decade under the mark **BOMBSHELLS®** and the logo design depicted below:



8. Plaintiff's **BOMBSHELLS®** restaurant chain features a 1940s war era theme, as seen in the above logo design and in online advertisements, as displayed below:

3



9. Plaintiff owns, *inter alia*, U.S. Reg. No. 4,441,073 for the mark **BOMBSHELLS®** in connection with "Restaurant services, namely, providing of food and beverages for consumption on and off the premises," in International Class 43 (the "'073 Registration"). A true and correct copy of the '073 Registration is attached here to as **Exhibit A**.

10. The '073 Registration is valid, subsisting and in full force and effect, and therefore confers a nationwide right of exclusive use of the **BOMBSHELLS®** mark in connection with the services specified in the registration, pursuant to 15 U.S.C. § 1057 (c).

11. The **BOMBSHELLS®** trademark is strong, incontestable, and nationally recognized as a result of Plaintiff's extensive marketing, investment, and enforcement.

12. In addition, Plaintiff owns U.S. Reg. No. 4,901,990 for the mark **BOMBSHELLS RESTAURANT & BAR®**, as displayed below, in connection

4

with "Restaurant services, namely, providing of food and beverages for consumption on and off the premises," in International Class 43 (the "'990 Registration").



A true and correct copy of the '990 Registration is attached here to as **Exhibit B**.

13. Plaintiff also owns U.S. Reg. No. 6,336,184 for the mark **BOMBSHELLS OFFICER'S CLUB®**, as displayed below, in connection with "Downloadable mobile applications for obtaining restaurant information, making reservations and receiving and tracking restaurant rewards," in International Class 9 (the "'184 Registration").



A true and correct copy of the '184 Registration is attached here to as **Exhibit C**.

14. The above trademarks are collectively referred to herein as the "**BOMBSHELL®** Marks."

5

15. In April 2014, Plaintiff, through a subsidiary, registered the domain name <4bombshells.com>. The website maintained at the address identified by this domain name incorporates Plaintiff's longstanding and well-known **BOMBSHELL®** Marks.

16. Plaintiff displays the **BOMBSHELL®** Marks prominently on all business signage, menus, clothing items and other promotional materials, a practice Plaintiff has followed since commencing operation in 2013.

17. From the outset of its opening of the **BOMBSHELLS®** restaurant chain, Plaintiff has continuously expended substantial funds in connection with marketing, advertising and promoting its goods and services under the **BOMBSHELL®** Marks in a variety of media, including without limitation print and electronic media and promotions at trade shows, among others.

18. As a result of Plaintiff's extensive and continuous use, the **BOMBSHELL®** Marks are extremely strong and has garnered widespread recognition with the consuming public.

**B.   Defendant's Infringing Conduct**

19. Upon information and belief, Defendant is offering competitive restaurant services under the name "Bombshell's Tavern," as depicted below:



20.     Defendant's Facebook page shows that the tavern features a themed establishment similar to that of Plaintiff's restaurant and bar.  As a result of Defendant's use of a name, logo, and trade dress that purloins the distinctive theme and features of Plaintiff's **BOMBSHELL**® Marks in its bar and grill, consumer confusion is likely.

21.     Defendant's use of "Bombshell's Tavern" to identify its competitive services creates confusion and deception as to the source and origin of Defendant's services and, through this use, Defendant is unfairly trading on the valuable goodwill embodied in the **BOMBSHELL**® Marks.

22.     Upon information and belief, Defendant undertook these activities with full knowledge of the fame and popularity of the **BOMBSHELL**® Marks, and with full knowledge of Plaintiff's exclusive rights to the **BOMBSHELL**® Marks and in willful and intentional disregard thereof.

23. Upon information and belief, the activities of Defendant alleged herein were undertaken with the specific intent to deceive and mislead consumers as to the sponsorship, source and origin of the services offered by Defendant.

24. On several occasions, Plaintiff has requested Defendant cease its unauthorized use of an infringing name and mark. Despite Plaintiff's repeated and reasonable requests, Defendant has continued to knowingly and willfully use an infringing name and mark to advertise, promote and sell its good and services.

25. Defendant has damaged Plaintiff and, on information and belief, is continuing to damage Plaintiff by its unlawful acts. Defendant will cause irreparable injury to Plaintiff for which there is no adequate remedy at law unless Defendant is restrained by this Court.

V.   **CAUSES OF ACTION**

COUNT I

**FEDERAL TRADEMARK INFRINGEMENT**

26. Plaintiff repeats and incorporates each and every allegation in paragraphs 1 through 25, as if fully stated herein.

27. Defendant's use of "BOMBSHELLS," in connection with restaurant services identical to those provided by Plaintiff under its **BOMBSHELL®** Marks, has caused and is likely to cause confusion, to cause mistake, or to deceive persons

8

into the erroneous belief that the services promoted by Defendant were authorized, sponsored by or connected in some way with Plaintiff.

28. Upon information and belief, the aforementioned acts and conduct of Defendant were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff, and of passing off Defendant's services as Plaintiff's services.

29. Defendant's acts were without license or consent of Plaintiff.

30. Defendant's infringement of Plaintiff's federally-registered **BOMBSHELL®** Marks is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. The foregoing acts of Defendant are causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiff and Defendant, and the public interest would be served by enjoining Defendant's unlawful activities.

## COUNT II
## FEDERAL UNFAIR COMPETITION

32. Plaintiff repeats and incorporates each and every allegation in paragraphs 1 through 25, as if fully stated herein.

33. Defendant's unauthorized use of the **BOMBSHELL®** Marks constitutes a false designation of origin and false description, and falsely represents to the public that the services advertised, sold and offered for sale by Defendant emanate from the same source or origin as Plaintiff's services, or are authorized, endorsed, sponsored, or otherwise approved by Plaintiff.

34. Defendant, with knowledge of such falsity, offered, or caused to be advertised, sold and offered its services in connection with trademarks which are confusingly similar to the **BOMBSHELL®** Marks.

35. Plaintiff has been, and will be, irreparably damaged by said false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with Defendant in the mistaken belief that Defendant's services, which have been advertised, promoted, solicited, sold or offered for sale in connection with the dominant portion of the **BOMBSHELL®** Marks, are authorized, endorsed, sponsored by or otherwise approved by Plaintiff.

36. Defendant's acts constitute violations of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

37. The foregoing acts of Defendant are causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law, injunctive relief is warranted considering the hardships

between Plaintiff and Defendant, and the public interest would be served by enjoining Defendant' unlawful activities.

## COUNT III
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

38. Plaintiff repeats and incorporates each and every allegation in paragraphs 1 through 25, as if fully stated herein.

39. Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law for this injury.

40. On information and belief, Defendant acted with full knowledge of Plaintiff's use of and statutory and common law rights to the **BOMBSHELL®** Marks, and without regard to the likelihood of confusion of the public created by Defendant's activities.

41. Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the **BOMBSHELL®** Marks to the great and irreparable injury of Plaintiff.

42. The foregoing acts of Defendant are causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no

adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiff and Defendant, and the public interest would be served by enjoining Defendant's unlawful activities.

**WHEREFORE**, Plaintiff prays that the Court:

A.   Permanently enjoin and restrain Defendant, its agents, servants, employees, representatives, and those in active concert or participation with any of them, from:

(1)   Advertising, promoting, offering for sale, selling, or distributing in any manner restaurant services and related bar and nightclub services in connection with or bearing the name or mark "BOMBSHELLS" and/or making any use of such mark or name which is confusingly similar thereto;

(2)   Representing or suggesting in any fashion to any third party that Defendant's services are affiliated with, sponsored by, or otherwise connected with Plaintiff;

(3)   Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendant's services are authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff; and

    (4)  Otherwise competing unfairly with Plaintiff;

  B.  Order Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in detail the form and manner in which it has complied with the permanent injunction, pursuant to 15 U.S.C. 1116(a);

  C.  Order Defendant to pay to Plaintiff:

    (1)  Defendant's profits and all damages sustained by Plaintiff as a result of its trademark infringement; and

    (2)  all gains, profits, and advantages derived by it as a result of Defendant's unfair competition;

  D.  Order that Defendant, in accordance with 15 U.S.C. §§ 1116(d) and 1118, be required to deliver up to be impounded during the pendency of this action all infringing advertising, promotional, or other materials in its possession or under its control, and to deliver up for destruction all infringing copies and all patterns, dies, molds, and other paraphernalia used for making such infringing copies or for reproducing Defendant's infringing marks;

  E.  Order that Defendant be required to pay to Plaintiff treble damages pursuant to 15 U.S.C. § 1117(b);

F. Order Defendant to pay Plaintiff punitive damages in a sum to be determined at trial on the basis of Defendant's deliberate and intentional infringement and unfair competition.

G. Order that Defendant be required to pay to Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1117; and

H. Order that Plaintiff be awarded such other and further relief as the Court finds just.

Dated: November 11, 2021　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/Jaime Rich Vining*
　　　　　　　　　　　　　　　　　**JAIME RICH VINING**
　　　　　　　　　　　　　　　　　Florida Bar No. 30932
　　　　　　　　　　　　　　　　　**DAVID K. FRIEDLAND**
　　　　　　　　　　　　　　　　　Florida Bar No. 833479
　　　　　　　　　　　　　　　　　**FRIEDLAND VINING, P.A.**
　　　　　　　　　　　　　　　　　9100 S. Dadeland Blvd., Suite 1620
　　　　　　　　　　　　　　　　　Miami, Florida 33156
　　　　　　　　　　　　　　　　　(305) 777-1721 Telephone
　　　　　　　　　　　　　　　　　(305) 456-4922 Fax
　　　　　　　　　　　　　　　　　Email: jrv@friedlandvining.com
　　　　　　　　　　　　　　　　　Email: dkf@fridlandvining.com

　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　**BRIAN S. RAWSON**
　　　　　　　　　　　　　　　　　Texas State Bar No. 24041754 (Application for Admission *Pro Hac Vice* to be filed)
　　　　　　　　　　　　　　　　　**ROY B. MCKAY**
　　　　　　　　　　　　　　　　　Texas State Bar No. 24071171 (Application for Admission *Pro Hac Vice* to be filed)
　　　　　　　　　　　　　　　　　**HARTLINE BARGER LLP**
　　　　　　　　　　　　　　　　　8750 N. Central Expressway, Suite 1600
　　　　　　　　　　　　　　　　　Dallas, Texas 75231
　　　　　　　　　　　　　　　　　(214) 369-2100 Telephone
　　　　　　　　　　　　　　　　　(214) 369-2118 Facsimile
　　　　　　　　　　　　　　　　　brawson@hartlinebarger.com
　　　　　　　　　　　　　　　　　rmckay@hartlinebarger.com

　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**
　　　　　　　　　　　　　　　　　**RCI HOSPITALITY HOLDINGS, INC.**